UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM KENNEDY                                                                 PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:15-CV-00741-CRS-DW

LIFE INSURANCE COMPANY
OF NORTH AMERICA                                                               DEFENDANT

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Plaintiff William Kennedy to strike the declaration of Richard Lodi ("the Lodi declaration"), ECF No. 32. Defendant Life Insurance Company of North America (LINA) responded, ECF No. 33. Kennedy replied, ECF No. 36. For the reasons explained below, the Court will deny Kennedy's motion to strike.

II.  Background

   A.  Allegations in the Complaint

Kennedy was an insured under a long term disability policy that LINA had issued to his employer. Compl. ¶¶ 6–8, ECF No. 1. Kennedy stopped working in August 2012 because of limitations caused by his disabling conditions and corresponding treatments. *Id.* ¶ 9. After ceasing work, Kennedy remained continuously disabled. *Id.* ¶ 10. He was unable to participate in any gainful employment. *Id.*

Kennedy submitted a disability claim to LINA for short term and long term disability benefits using the insurance company's standardized disability claim form, which was entitled "Report of Claim." *Id.* ¶¶ 11–12.

LINA denied Kennedy's claim for short term disability benefits. *Id.* ¶ 13. It did not issue a decision for his application for long term disability benefits. *Id.* ¶ 14. LINA's internal administrative policy required it to process Kennedy's long term disability benefits claim, even though it had denied his claim for short term disability benefits. *Id.* ¶ 15.

Kennedy wrote to LINA after it had failed to issue a decision on his claim for long term disability benefits. *Id.* ¶ 17. In the letter, he requested that LINA (1) provide a copy of the claim that would have confirmed that it had reviewed his long term disability claim, (2) confirm that he had exhausted his short term and long term disability claims, or (3) process his letter as a claim for long term disability benefits and render a decision. *Id.* LINA did not respond to Kennedy's letter. *Id.* ¶ 18. When LINA failed to respond to the letter, Kennedy again wrote to the insurance company and reiterated his request. *Id.* ¶ 19. LINA again failed to respond. *Id.* ¶ 20.

Kennedy filed suit in this Court under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3). *Id.* ¶ 27. He seeks to enforce the contractual terms of his disability policy, to obtain past benefits, to receive reinstatement for payment of future benefits, to obtain declaratory relief, and to obtain other equitable relief, including surcharge. *Id.* He also seeks attorney fees and costs under 29 U.S.C. § 1132(g). *Id.* ¶¶ 28–29.

B.  The Lodi Declaration

LINA has moved for summary judgment on Kennedy's claims. Mot. Summ. J. 1, ECF. No. 28. The motion for summary judgment is still pending. *Id.* In support of its motion for summary judgment, LINA attached the Lodi declaration. Lodi Decl., ECF No. 28-2. In the declaration, Lodi states that he is a senior operations representative who maintains custody and access to records pertaining to LINA's short term disability benefits. *Id.* ¶ 1. He explains LINA's claim procedures. *Id.* ¶¶ 2–5. He further affirms that LINA never received a request for an appeal

of its denial of Kennedy's short term or long term disability benefits. *Id*. ¶¶ 6–7. Lodi further maintains that LINA did not receive a proof of loss within the time allotted for filing a proof of claim, never received satisfactory proof of loss, and never received a request for appeal of the denial of a long term benefit claim. *Id*. ¶¶ 8–9. Finally, Lodi affirms that LINA has not paid any short term or long term disability benefits related to a claim that Kennedy became disabled on August 18, 2012. *Id*. ¶ 10.

III.    Discussion

Kennedy now moves to strike the Lodi declaration.[1] Mot. Strike 1, ECF No. 32. Kennedy asserts that the Court should not consider the Lodi declaration because its review of the denial of ERISA benefits is limited to the administrative record. *Id*. at 1–3. LINA argues in opposition that failure to exhaust administrative remedies is an affirmative defense that is properly raised on a motion for summary judgment and that declarations may be submitted in support of a motion for summary judgment; thus, according to LINA, the Court may properly consider the Lodi declaration. Resp. Opp. Mot. Strike 4, ECF No. 33.

When a court reviews the denial of ERISA benefits, the court's review is limited to considering the administrative record. *Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d 299, 308 (6th Cir. 2010). The Sixth Circuit explained the limitation on a district court's review in *Perry v. Simplicity Engineering Division of Lukens General Industries*:

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. . . . Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that

---

[1] LINA asserts that Kennedy's motion to strike is procedurally improper because motions to strike are used to strike pleadings, not motions or exhibits to motions. Resp. Opp. Mot. Strike 2–3, ECF No. 33. But LINA then writes, "Courts have construed Rule 12(f) motions filed in circumstances like this one as objections, and then given them due consideration in evaluating the motions to which they related. . . . The Court should do the same with Plaintiff's motion to strike Mr. Lodi's declaration." *Id*. at 3.

goal. If district courts heard evidence not presented to plan administrators, employees and their beneficiaries would receive less protection than Congress intended.

900 F.2d 963, 967 (6th Cir. 1990).

A district court is not limited to the administrative record, however, when a plaintiff claims that his or her claims were denied because of procedural errors by the administrator. *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 618 (6th Cir. 1998) (J. Gilman, concurring). For example, a district court may examine evidence not in the administrative record when the plaintiff claims that the administrator was biased. *Id*.

Here, the Court is not reviewing the administrator's denial of ERISA benefits. *See* Compl. ¶¶ 6–27, ECF No. 1. Instead, the Court is examining whether LINA properly processed Kennedy's claim for long term disability benefits under the terms of the policy. Because the Court is examining whether the administrator committed procedural errors, the Court is not limited to reviewing the administrative record. Accordingly, the motion to strike the Lodi declaration will be denied.

Kennedy also argues that Federal Rule of Civil Procedure 56 supports striking the Lodi declaration. Mot. Strike 3–4, ECF No. 32. Kennedy contends that Lodi fails to state information sufficient to find that he has personal knowledge about the matters discussed in the declaration. *Id*. LINA contends, however, that the Lodi declaration comports with the personal knowledge requirement of Rule 56(c)(4). Resp. Opp. Mot. Strike 8, ECF No. 33.

Rule 56(c)(4) provides that an affidavit or declaration that is used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." When a corporation is a party, "the information sought must be obtained from natural persons who can speak for the corporation." *Lloyd v. Midland Funding, LLC*, 639 F.

App'x 301, 305 (6th Cir. 2016) (citing Charles Alan Wright et al., Federal Practice and Procedure § 2103 (3d ed. 2015)). Thus, "there is no obligation to select a person with personal knowledge of the events in question, so long as the corporation proffers a person who can answer regarding information known or reasonably available to the organization." *Id*. (internal citations omitted).

Lodi's declaration is made on behalf of LINA. As a corporate representative, he need not have personal knowledge of the events described in the declaration, *see id.*, and Kennedy's Rule 56 argument fails.

Kennedy finally maintains that Federal Rule of Civil Procedure 37 supports striking the Lodi declaration. Mot. Strike. 4–6, ECF No. 32. Kennedy explains that LINA never disclosed Lodi or the information that he provides and thus that LINA is not entitled to use the declaration to support its motion for summary judgment. *Id*. In response, LINA argues that Lodi was identified in its responses to Kennedy's written discovery as LINA's corporate representative. Resp. Opp. Mot. Strike 15–24, ECF No. 33.

Rule 37 states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Kennedy's assertion that LINA never identified Lodi during discovery is false. LINA identified Lodi in its response to Kennedy's first interrogatory, which asked LINA to identify anyone making and assisting with its interrogatory answers. Resp. Interrogatories 3, ECF No. 33-1. LINA wrote, "Subject to and without waiving any objections, LINA states that Richard M. Lodi, a Senior Operations Representative for LINA, with the assistance of counsel, assisted in

5

the preparation of these answers." *Id*. Accordingly, Kennedy's Rule 37 argument in support of striking the Lodi declaration is unavailing.

IV.   Conclusion

The Court will deny Kennedy's motion to strike. An order will be entered in accordance with this memorandum opinion.

June 23, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**